UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09-CV679-S

CONNIE MARSHALL                                                  PLAINTIFF

v.

BRUCE SEGAL *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Connie Marshall, filed this *pro se* action against Bruce Stegal, the Jefferson County Mayor's Office, Lieutenant Hettick, the Louisville Metro Police Department, Child Protective Services, and the Cabinet for Health and Family Services. Marshall alleges that she is a candidate in the 2010 Louisville Metro Government mayoral race and that "Defendants are participating in a conspiracy which includes making false claims regarding Ms. Marshall's health, Ms. Marshall states this has a negative affect on her campaign." For instance, Marshall claims that Defendant Stegal told her in a 2008 telephone call that "I don't think you are on the right medication"; that she was asked by Defendant Lieutenant Hettick if she had mental problems; had a policeman point to his head and ask one of Marshall's friends if Marshall was "alright up there"; and that Defendant Child Protective Services told Marshall's son-in-law that she could not obtain custody of her grandchildren because "she has problems." Marshall states that "these false claims have a negative impact on her campaign [for mayor]," and she is requesting ten million dollars in damages.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up

unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton* , 775 F.2d 1274, 1278 (4th Cir. 1985). As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607

2

(quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Marshall has not met her burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. Slander and defamation are state law causes of action. Marshall mentions "false claims" in her complaint. The False Claims Act (FCA) establishes a scheme that permits either the Attorney General, 31 U.S.C. § 3730(a), or a private party, 31 U.S.C. § 3730(b), to initiate a civil action alleging fraud on the Government. A qui tam action must allege a fraud committed on the government. *See* 31 U.S.C. § 3729. Here, Marshall has alleged only wrongs committed against her personally. Marshall's complaint is devoid of any factual allegations that would establish any federal cause of action against Defendants.

Additionally, Marshall fails to establish diversity jurisdiction as there is not complete diversity of citizenship. *See* 28 U.S.C. § 1332. To the contrary, Marshall and the majority of Defendants appear to be Kentucky citizens.

Accordingly, because Marshall has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*

4411.008